UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAETANO M. BRIGIDA,<br>Plaintiff<br><br>v.<br><br>THE BOC GROUP, INC., ANTHONY<br>ERIC ISSAC, ROBERT P. STEVENS,<br>and WAYNE KOCH,<br>Defendants. | Civil Action No. 04 10259 GAO |

## ANSWER OF DEFENDANTS THE BOC GROUP AND ANTHONY ERIC ISSAC

Defendants The BOC Group and Anthony Eric Issac (collectively referred to as "Defendants") for their Answer to Plaintiff's Complaint, state as follows:

### PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Admit the allegations in Paragraph 2.

3. Deny the allegations in paragraph 3, except admit that Mr. Isaac is President of The BOC Group, Inc.

4. Deny the allegations in Paragraph 4.

5. Deny the allegations in Paragraph 5, but admit that Mr. Koch is employed by BOC Gases Division located in Hingham, Massachusetts.

### FACTS

6. Admit the allegations in Paragraph 6.

7. Admit the allegations in Paragraph 7.

8. Deny the allegations in Paragraph 8.

9. Deny the allegations in Paragraph 9, as Exhibit 1 was not attached to the Complaint. Further responding, Defendants admit that an administrative assistant sent a letter to Mr. Holland, and state that the letter speaks for itself.

10. Deny the allegations in Paragraph 10.

11. Deny the allegations in Paragraph 11, except admit that Plaintiff was issued a check in the gross amount of $2,170.00.

## COUNT I
(NONPAYMENT OF WAGES AND COMMISSIONS)

12. Defendants restate and reallege their responses to Paragraphs 1 – 11 of the Complaint and incorporate them herein by reference.

13. The allegations in Paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, Defendants state that the language of G.L. c. 149 sec. 148 speaks for itself.

14. The allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, Defendants state that the language of G.L. c. 149 sec. 148 speaks for itself.

15. The allegations in Paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, Defendants state that the language of G.L. c. 149 sec. 150 speaks for itself.

16. The allegations in Paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, Defendants state that the language of G.L. c. 149 sec. 150 speaks for itself.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, but admit that Plaintiff filed a complaint with the Office of the Attorney General.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18. Further responding, Defendants state that Exhibit 2 was not attached to the Complaint.

## COUNT II
(Failure to Notify of Rights to COBRA)

19. Defendants restate and reallege their responses to Paragraphs 1 – 18 of the Complaint and incorporate them herein by reference.

20. The allegations in Paragraph 20 state legal conclusions to which no response is required.

21. Deny the allegations in Paragraph 21.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages fail, in whole or in part, by Plaintiff's failure to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Every action taken by Defendants with respect to Plaintiff were taken in good faith and for a legitimate business purpose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the relevant statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Counts II of Plaintiff's Complaint is preempted and barred by the provisions of the federal Employee Retirement Income Security Act (ERISA).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of a general release signed by Plaintiff in favor of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred by his insufficiency of service of process.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for unpaid commissions are barred by his failure to satisfy all conditions precedent to becoming eligible for such commissions and/or bonuses.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Mr. Issac fail for a lack of jurisdiction over Mr. Isaac.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Issac fail because of Plaintiff's failure to exhaust his administrative remedies as to Mr. Issac.

Respectfully submitted,

THE BOC GROUP and ANTHONY ERIC ISSAC

By their attorneys,

_____
Guy P. Tully (BBO #: 555625)
Kavita M. Goyal (BBO #: 654013)
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025
(617) -367-2155 – fax

### CERTIFICATE OF SERVICE

I hereby certify that, on this ___ day of February, 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, John H. Ronan, Ronan, Segal and Harrington, 59 Federal Street, Salem, MA 01970 by first-class mail, postage prepaid.

_____
Jackson Lewis LLP

H:\TullyG\BOC Group\Brigida litigation\Pleadings\Answer of BOC and Isacc.doc