UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GAETANO M. BRIGIDA,<br>Plaintiff<br><br>v.<br><br>THE BOC GROUP, INC., ANTHONY<br>ERIC ISSAC, ROBERT P. STEVENS,<br>and WAYNE KOCH,<br>Defendants. | Civil Action No. 04 10259 GAO |

## ANSWER OF DEFENDANT WAYNE KOCH

Defendant Wayne Koch for his Answer to Plaintiff's Complaint, states as follows:

### PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Denies the allegations in Paragraph 5, but admits that Mr. Koch is employed by BOC Gases Division located in Hingham, Massachusetts.

## FACTS

6. Admit the allegations in Paragraph 6.

7. Admit the allegations in Paragraph 7.

8. Denies the allegations in Paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, as Exhibit 1 was not attached to the Complaint.

10. Denies the allegations in Paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except believes that Plaintiff was issued a payment in the gross amount of $2170.00 on or about January 17, 2003.

## COUNT I
(NONPAYMENT OF WAGES AND COMMISSIONS)

12. Defendant restates and realleges his responses to Paragraphs 1 – 11 of the Complaint and incorporates them herein by reference.

13. The allegations in Paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the language of G.L. c. 149 sec. 148 speaks for itself.

14. The allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the language of G.L. c. 149 sec. 148 speaks for itself.

15. The allegations in Paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the language of G.L. c. 149 sec. 150 speaks for itself.

16. The allegations in Paragraph 16 state legal conclusions to which no response is

required. To the extent a response is required, Defendant states that the language of G.L. c. 149 sec. 150 speaks for itself.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18. Further responding, Defendant states that Exhibit 2 was not attached to the Complaint.

## COUNT II
(Failure to Notify of Rights to COBRA)

19. Defendant restates and realleges his responses to Paragraphs 1 – 18 of the Complaint and incorporates them herein by reference.

20. The allegations in Paragraph 20 state legal conclusions to which no response is required.

21. Denies the allegations in Paragraph 21.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages fail, in whole or in part, by Plaintiff's failure to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Any action taken by Defendant with respect to Plaintiff was taken in good faith and for a legitimate business purpose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the relevant statutes of limitations.

3

## FIFTH AFFIRMATIVE DEFENSE

Counts II of Plaintiff's Complaint is preempted and barred by the provisions of the federal Employee Retirement Income Security Act (ERISA).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of a general release signed by Plaintiff in favor of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by his insufficiency of service of process.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for unpaid commissions are barred by his failure to satisfy all conditions precedent to becoming eligible for such commissions and/or bonuses.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant fail for a lack of jurisdiction over Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant fail because Defendant was not Plaintiff's employer.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant fail because of Plaintiff's failure to exhaust his administrative remedies.

Respectfully submitted,

WAYNE KOCH

By his attorneys,

_____
Guy P. Tully (BBO #: 555625)
Kavita M. Goyal (BBO #: 654013)
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025
(617) -367-2155 – fax

### CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of February, 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, John H. Ronan, Ronan, Segal and Harrington, 59 Federal Street, Salem, MA 01970 by first-class mail, postage prepaid.

_____
Jackson Lewis LLP

H:\TullyG\BOC Group\Brigida litigation\Pleadings\Answer of BOC and Isacc.doc