UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GAETANO M. BRIGIDA, )
    Plaintiff )
     )
v. )
     )    Civil Action No. 04 10259 GAO
THE BOC GROUP, INC., )
ANTHONY ERIC ISSAC, )
ROBERT P. STEVENS, )
and, WAYNE KOCH, )
    Defendants )

## MOTION TO REMAND

Now comes the Plaintiff in the above-captioned matter and respectfully moves this court pursuant 28 U.S.C.sec.1447(c) to remand this matter to the Salem District Court where it was initiated. As grounds for this motion the Plaintiff states that this matter was improperly removed to this court as no federal question has been raised.

The crux of the complaint is that the plaintiff is owed $27,422.21 as a result of the defendants' failure to pay his wages and commissions pursuant to Massachusetts General Law c. 149, sec. 148. The Defendants concede that this claim is non-removable but suggest that because the Plaintiffs has a second count (to recover $800 in consequential damages that he incurred by not knowing the Defendants had terminated his health insurance) The United States District Court should exercise its discretion and retain jurisdiction of the entire matter.

However, the Defendants attempt to portray the second count of the Complaint as an ERISA claim is confused. In determining whether a state court claim is preempted by ERISA the court must examine whether the plaintiffs' state claim seeks recovery of ERISA Benefits. Pace v. Signal Technology Corp., 417 Mass. 54 (1994). The reason that courts preempt state claims that relate to ERISA Benefits is "to preclude discrimination in favor of certain participants to the benefit of others." Cefalu v. B.F. Goodrich Co., 871 F2d 1290. 1296 (5th Cir. 1989). That is, under an ERISA Plan, funds must be accounted for and apportioned appropriately to pay out plan benefits to participants. No participant can be disproportionately compensated as that would impact on all of the other participants. Count II is not seeking to recover any benefit under any qualified ERISA Plan. In fact, the defendant is not an ERISA Plan Administrator and no ERISA Benefit Plan is named in this suit.

The Plaintiff is *not* seeking to recover his $800 in consequential damages from some un-named insurance company administering health insurance. Rather, his claim in Count II is against the Defendants, who, by failing to tell him until December 12, 2002 that his medical coverage was cancelled on November 30, 2002, proximately caused him to suffer monetary damages in the aforementioned amount of $800.

Recovery of this $800 from the Defendants has nothing to do with any ERISA Benefit and should not trigger the jurisdiction of this court.

Furthermore, the $800 sought in Count II represents less than 3% of the Plaintiff's claim.

WEREFORE: as state law predominates in the determination of the issues raised in this matter, the Plaintiff respectfully moves that this honorable court remand this matter to state court.

                                              Gaetano M. Brigida
                                              By his Attorney

                                              John H. Ronan
                                              BBO # 547124
                                              RONAN, SEGAL & HARRINGTON
                                              59 Federal Street
                                              Salem, MA 01970
                                              (978) 744-0350

Dated: February 27, 2004

### CERTIFICATE OF SERVICE

I, John H. Ronan, hereby certify that a copy of the within Motion to Remand was served by mailing same, first class mail to: Guy P. Tully, Esq., Jackson Lewis LLP, 75 Park Plaza, 4th Floor, Boston, MA 021106

                                              John H. Ronan

Dated: February 27, 2004